This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Perlena and David Botson ("the Botsons") appeal from the decision of the Medina County Court of Common Pleas granting the Civ.R. 12(B)(7) motion to dismiss of appellee, Bonnee G. Pence ("Pence"). We reverse.
The Botsons filed a complaint alleging negligence, among other claims, on the part of Pence as the result of a car accident which caused injuries to Perlena Botson. Pence filed a motion to dismiss pursuant to Civ.R. 12(B)(7) for failure to name a necessary and indispensable party, Jeffrey Armbruster ("Armbruster"). The trial court granted the motion, finding that Armbruster was a necessary and indispensable party pursuant to Civ.R. 19(A)(1) (B).[1] The Botsons timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court committed prejudicial error in the application of Civ.[R.] 19 as to the facts of this case by granting [Pence's] Motion to Dismiss for failure to join an indispensable party.
 In their sole assignment of error, the Botsons contend that the trial court erred in granting Pence's Civ.R. 12(B)(7) motion to dismiss. We agree.
An appellate court reviews motions to dismiss de novo. Plumbers Steamfitters Local Union 83 v. Union Local Sch. Dist. Bd. of Edn. (July 22, 1998), Belmont App. No. 97-BA-40, unreported, 1998 Ohio App. LEXIS 3660, at *3-4 (overruled on other grounds). Civ.R. 12(B)(7) permits dismissal where the plaintiff failed to join a party under Civ.R. 19 or 19.1. Civ.R. 19(A) delineates the joinder of persons needed for adjudication, if feasible. It provides, in relevant part, "[a] person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties[.]" Section (B) further provides:
 If a person as described in subdivision (A)(1), (2), or (3) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.
 In the present case, we hold that Armbruster does not meet the requirements for a necessary party pursuant to Civ.R. 19(A). The police found Pence to be at fault for the car accident and issued her a citation for a violation of R.C. 4511.43(A), failure to yield. The police issued no other citations. Inasmuch as Pence was the sole tortfeasor, complete relief can be accorded among those already parties. This Court notes that Pence can raise Armbruster's alleged liability as a defense to the Botsons' allegations of negligence, which allows Pence complete relief without joinder of Armbruster.
The Bostons, on the other hand, were free to pursue a separate cause of action against Armbruster, although at this point the statute of limitations has run on that claim. We also note that their present claim concerned only the purported negligence of Pence, not that of Armbruster. Therefore, we conclude that complete relief is available to the parties without joinder.
Since we conclude that Armbruster is not a necessary party, as described in Civ.R. 19(A)(1), any further analysis on whether he is an indispensable party, pursuant to Civ.R. 19(B), is not warranted. See Civ.R. 19(B). Accordingly, the Botsons' assignment of error is sustained.
The Botsons' sole assignment of error is sustained, and the judgment of the trial court is reversed and remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
______________________________________ LYNN C. SLABY
BAIRD, P.J., CARR, J. CONCUR.
[1] In finding that Armbruster was an indispensable party, the trial court noted that Armbruster could not be made a party since the statute of limitations had run as to any claim against him.